# COLLINS, VELLA & CASELLO, L.L.C.
### ATTORNEYS AT LAW
2317 HIGHWAY 34, SUITE 1A
MANASQUAN, NEW JERSEY 08736

Dennis A. Collins, Esquire
Gregory W. Vella, Esquire
Joseph M. Casello, Esquire

Tel: 732-751-1766
Fax: 732-751-1866

Allison O'Neill, Paralegal

Direct Email: JCasello@CVCLAW.net

October 28, 2019

Honorable Christine Gravelle, U.S.B.J.
United States Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    Gabriel Block
           Chapter 7 Case No. 19-26658
           ***Motion for an Order Confirming that the Automatic Stay is Not in Effect***

Dear Judge Gravelle:

This office represents Gabriel Block in the above captioned Chapter 7 bankruptcy case. Please accept this letter brief in lieu of a more formal objection to the Motion for an Order Confirming that the Automatic Stay Provisions of 11 U.S.C. §362(a) is not in Effect filed by State of New Jersey, Bureau of Securities.

The motion filed by the State of New Jersey is procedurally improper. Local Rule 4001-4 allows a creditor to seek confirmation from this Court that the automatic stay is not in effect under sections 362(c)(4), 362(b)(22) and 362(b)(23). The Local Rule arose as a result of the changes to the Code in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. BAPCPA added subsection j to section 362 of the Code and allowed a creditor to seek a comfort order from a court when dealing with serial filings to confirm the absence of the automatic stay. Section 362(c)(4)(A)(ii) allows a creditor to file a "request" to confirm that no stay is in effect under section 362(c). No provision in the Bankruptcy Code or the Bankruptcy Rules allows for a comfort order seeking a finding that certain actions are excepted from the automatic stay provisions under one of the subdivisions of section 362(b). The request for a comfort order must be denied in its entirety.

To the extent the Court converts this request into a motion for relief from the automatic stay under section 362(d), the motion must likewise be denied. The State alleges that 11 U.S.C. §362(b)(4) creates an exception to the automatic stay that allows the State to proceed with its

action before the Office of Administrative Law. Section 362(b)(4) states that the filing of the petition does not operate as a stay "under paragraph (1), (2), (3) or (6)of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit… to enforce such governmental unit's or organization's police and regulatory power."

> On its face, §362(b)(4) excepts from the stay legal actions brought to enforce a governmental unit's police and regulatory power and the enforcement of judgments obtained in such actions. This exception to the automatic stay is itself subject to an exception: §362(b)(4) does not except from the stay actions "to enforce" a "money judgment."

In re Iezzi, 504 B.R. 777, 784 (Bankr. E.D. Pa. 2014). The State bears the burden of proving that the exception to the automatic stay found in section 362(b)(4) applies to the facts of this case. Bethpage Fed. Credit Union v. Town of Huntington (*In re Joe's Friendly Serv. & Son, Inc.*), 2019 Bankr. LEXIS 880. "Not all litigation brought by a government is covered by the police power exception. Actions that are primarily directed to the state's pecuniary interest or that do not effectuate public policy are not excepted from the automatic stay." In re University Medical Center 973 F.2d 1065, 1075 (3d. Cir. 1992).

To determine if the police power exception applies, courts in the Third Circuit have applied two tests - the pecuniary purpose test and the public policy test.

> The pecuniary purpose test asks whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to protecting the public safety and health. The public policy test asks whether the government is effectuating public policy rather than adjudicating private rights. If the purpose of the law is to promote public safety and welfare or to effectuate public policy, then the exception to the automatic stay applies. If, on the other hand, the purpose of the law is to protect the government's pecuniary interest in the debtor's property or primarily to adjudicate private rights, then the exception is inapplicable. … The complementary tests "are designed to sort out cases in which the government is bringing suit in furtherance of *either* its own or certain private parties' interest in obtaining a pecuniary advantage over other creditors."

In re Nortel Networks, 669 F.3d 128, 139-40 (3d. Cir. 2011)(internal citations omitted).

The State has failed to establish a public policy or even identify the police power it seeks to exert in this case. A review of Summary Penalty and Revocation Order reveals that the Order seeks to bar Mr. Block from the securities industry and is to impose monetary fines against him for alleged "unsuitable and excessive trading practices" beginning in the year 2000 and continuing through 2015. What the State fails to advise this Court is that Mr. Block is no longer employed in the securities industry and has proffered that he will surrender his registration to the State. The State ignores the fact that Mr. Block's alleged wrongful conduct occurred in some instances eighteen years ago and most recently more than four years ago. Given that Mr. Block has offered to surrender his registration voluntarily and to accept his ban from participating in the securities industry, what other police power could the State be seeking to enforce against Mr.

Block. The true purpose of the Order appears to impose a monetary penalty against Mr. Block and then collect that penalty from Mr. Block in violation of the automatic stay.

Based upon these facts, it is clear that the automatic stay remains in full force and effect. The motion should be denied in all aspects.

                                Respectfully Submitted,

                                COLLINS, VELLA & CASELLO, LLC
                                Attorneys for the Debtor

By: _____
       Joseph M. Casello, Esq.