*State of New Jersey*

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
Newark, NJ 07101

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

November 7, 2019

Hon. Christine M. Gravelle, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, New Jersey 08608

    Re: **In re Gabriel Block**
       <u>**Case No. 19-26658 (CMG)**</u>

Dear Judge Gravelle:

Please accept this letter-brief on behalf of creditor, the New Jersey Bureau of Securities

("Bureau"), in reply to debtor Gabriel Block's ("Debtor Block") opposition to the Bureau's motion

for an Order confirming that, pursuant to the police powers exception, 11 U.S.C. § 362(b)(4), the

automatic stay provision of 11 U.S.C. § 362(a) is not in effect as to administrative proceedings

currently pending in the New Jersey Office of Administrative Law ("OAL Action") (the "Motion")

between the Bureau and Debtor Block.  For the reasons set forth below and in its moving papers,

the Bureau respectfully requests that the Court grant the Motion.

**LEGAL ARGUMENT**

**A.** <u>**The Bureau's Motion is  Procedurally Proper.**</u>

Block erroneously argues that the Bureau's Motion is procedurally defective because it

seeks an Order confirming that the Bureau's OAL Action falls within an exception to 11 U.S.C. §



124 Halsey Street  •  TELEPHONE: (973) 648-3070 • FAX: (973) 648-3956 •  isabella.stempler@law.njoag.gov
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

362(a).   Although the Bankruptcy Code does not require a governmental unit to seek a determination  under 11 U.S.C. § 362(b)(4) that it may proceed under the police powers exception, the Motion was the Bureau's only recourse.  Debtor Block wrongly asserted to the Honorable Jacob Gertsman, A.L.J., that the Bureau's OAL Action is stayed under 11 U.S.C. § 362(a).  Thus, the Bureau's sole remedy is to seek an order from this Court confirming that the Bureau's pre-petition OAL Action for violations of the antifraud provisions of the New Jersey Uniform Securities Law (1997), N.J. Stat. Ann. §§ 49:3-47 to -83 ("Securities Law"), may proceed pursuant to 11 U.S.C. § 362(b)(4).  Further, the Bureau is not moving under Local Rule 4001-1 nor is the Motion seeking relief from the automatic stay under 11 U.S.C. § 362(d) because the stay does not apply to the Bureau's OAL Action.

B.   **Section 362(b)(4) Categorically Excepts the Bureau's OAL Action from the Automatic Stay.**

The Bureau's OAL Action against Debtor Block fits easily within Section 362(b)(4)'s exception to the automatic stay notwithstanding Block's erroneous arguments that the Bureau did not identify the police power it seeks to exert.  (Brief Opp. at pg. 2.)  Here, the Bureau's OAL Action is predicated on the Bureau's statutory authority to establish Debtor Block's violation of the antifraud provision of the Securities Law, revoke his agent registration and fix a civil monetary penalty.  Debtor Block seemingly conflates the fixing of a civil monetary penalty with seeking to enforce or *collect* money from Debtor Block.

The central purpose of the Bureau's May 15, 2019 Summary Penalty and Revocation Order ("Summary Order") and prosecution of the OAL Action is to protect the investing public by maintaining and assuring high standards of ethics and fair dealing in the offer, purchase, and sale of securities.  State v. Russell, 119 N.J. Super. 344, 351 (App. Div. 1972).  Since the Bureau's

OAL Action against Block prevents those such as Debtor Block from violating the Securities Law, the action is within the scope of 11 U.S.C. § 362(b)(4). See  SEC v. Towers Fin. Corp., 205 B.R. 27, 29-31 (S.D.N.Y. 1997) (holding that a civil enforcement action by the SEC against the debtor-defendant fit within the "governmental unit" exception of § 362(b)(4)).  Moreover, the public policy goals of the Bureau's OAL Action will be undermined if this Court issues a stay. SEC v. Towers Fin. Corp., 205 B.R. at 31 (internal citations omitted).

Further, it is irrelevant whether Block "is no longer employed in the securities industry" and "proffer[ed] that he will surrender his registration."  (Brief Opp. at 2.)   See Bilzerian *v.* SEC, 146 Bankr. 871, 872-73 (M.D. Fla. 1992)(finding that an SEC action is exempt from the automatic stay even where the Debtor was already permanently enjoined from violating the securities law); Wolf Fin. Group Inc. v. Hughes Constr. Co. (In re Wolf Fin. Group, Inc.), 1994 Bankr. LEXIS 2350, *10, *11  (Bankr. S.D.N.Y. Dec. 15, 1994) (Bankruptcy Judge James L. Garrity, Jr.)(holding that an SEC and Bureau action (where the Bureau sought the suspension and revocation of a broker-dealer's registration and civil monetary penalties) was exempt from the automatic stay under §§ 362(b)(4) and (5) even where the debtors had withdrawn from the securities industry).

Finally, Debtor Block speculates that "the purpose of the Order appears to impose a monetary penalty … and then collect that penalty… in violation of the automatic stay." (Brief Opp. at 3.)  The speculation is incorrect and lacks any factual or legal support.  First, Debtor Block again seemingly confuses fixing a civil monetary penalty with seeking to enforce or *collect* that penalty. The Bureau seeks only to do the former, and has expressly disavowed that it is seeking to do the latter.  Second, the purpose of the Summary Order is self-evident in the preamble where it states "the Bureau Chief hereby finds that there is good cause and it is in the public interest to enter this [Summary Order] …" as well as the conclusions of law in the Summary Order under N.J.S.A.

49:3-58(a) also stating that the revocation of Block's agent registration and denial of certain

exemptions is in the public interest. (Certification of Isabella T. Stempler, Deputy Attorney

General ("Stempler Cert."), dated October 21, 2019 at Exh. 1, ¶¶ 86, 92, 102, 107.)

Debtor Block's purported willingness to surrender his securities industry license is

contradicted by his own July 12, 2019 Answer to the Summary Penalty and Revocation Order,

Affirmative Defenses, and Request for Hearing in response to the Summary Order, where he

asserted that his registration should be *reinstated*. (Stempler Cert. at Exh. 2.) Due in part to Debtor

Block's request for reinstatement, the matter was transmitted to the OAL for hearing and

disposition, where it is currently pending. Notably, Debtor Block has not withdrawn or amended

his Answer seeking reinstatement of the very license which he now claims he is willing to abandon.

Accordingly, the ALJ in the OAL Action will determine whether Debtor Block violated the

Securities Law, which falls squarely within the police powers exception to the automatic stay.

Thus, the Bureau should be permitted to continue the OAL Action against Debtor Block as such

relief will in no way violate the Bankruptcy Code.

## Conclusion

For the foregoing reasons, the Bureau respectfully requests that the Court grant this Motion

for an order confirming that, pursuant to the police powers exception 11 U.S.C. § 362(b)(4), the

automatic stay provision of 11 U.S.C. § 362(a) is not in effect as to the Bureau's OAL Action.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:    /s/Isabella T. Stempler
       Isabella T. Stempler
       Deputy Attorney General
       N.J. Attorney No. 032642001