# COLLINS, VELLA & CASELLO, L.L.C.
### ATTORNEYS AT LAW
2317 HIGHWAY 34, SUITE 1A
MANASQUAN, NEW JERSEY 08736

Dennis A. Collins, Esquire
Gregory W. Vella, Esquire
Joseph M. Casello, Esquire

Tel: 732-751-1766
Fax: 732-751-1866

Allison O'Neill, Paralegal

Direct Email: JCasello@CVCLAW.net

November 22, 2019

**VIA ECF**

Honorable Christine Gravelle, U.S.B.J.
United States Courthouse
402 East State Street
Trenton, NJ 08608

      Re:   *Gabriel Block*
             *Chapter 7 Case No. 19-26658*
             ***Motion for an Order Confirming that the Automatic Stay is***
             ***Not in Effect - Hearing Date 11/26/2019 at 10:00 a.m.***

Dear Judge Gravelle:

This office represents Gabriel Block in the above captioned Chapter 7 bankruptcy case. Please accept this letter brief as a sur-reply to the response filed by the State of New Jersey, Bureau of Securities on November 7, 2019.

The State of New Jersey first argues that the motion for a comfort order is procedurally proper. The State argues that the Bankruptcy Code does not require a governmental unit to seek a determination under 11 U.S.C. § 362(b)(4) that it may proceed under the police powers exception. That is a correct statement of the law; however, the State had two options: 1) enforce its alleged police power and hope that this Court does not later determine that those actions violated the stay; or 2) file a motion consistent with Local Rule 4001-1. The third option – to file a request for a determination that the stay does not apply – is not available for a determination under § 362(b)(4) Local Rule 4001-4 lists the limited circumstances when that truncated procedure applies; none of those Code sections are at play in this motion. The State maintains that it does not need a full motion on 21-days notice because it is not moving under Local Rule 4001-1, but if it wants to obtain an order from this Court - even if the order is simply to confirm that the stay does not apply to its proposed actions – it must file a standard stay motion.

The State next argues that Mr. Block is conflating the concept of imposing a penalty with the concept of collecting the penalty. This argument is frankly ridiculous. If the Bureau of

Securities will agree to permanently bar Mr. Block from registering in the securities industry and seek no penalty or that if a penalty is imposed the Bureau and State of New Jersey will never seek to collect the penalty, then this matter can be resolved immediately. Since they have not agreed to that, the only logical conclusion is that the State seeks both the imposition and collection of a penalty; there is simply no conflating that fact.

The State next argues that the fact that Mr. Block is no longer engaged in the securities industry is irrelevant. The State maintains that because Mr. Block filed an answer that requests reinstatement of his registration, the State is pursuing its police power to prevent that from occurring. The reality is that the answer filed in response to the Bureau's Summary Penalty and Revocation Order dated May 15, 2019 was merely a notice pleading. In fact, the Summary Order in paragraph 5 acknowledges Mr. Block's registration expired in March of 2018. As set forth in the certification of Eric R. Breslin, Esq., Mr. Block has offered to agree to never seek to be registered to work in the securities industry in New Jersey again.

As noted in our original opposition to this motion, the State bears the burden of proving that the exception to the automatic stay found in section 362(b)(4) applies to the facts of this case. Bethpage Fed. Credit Union v. Town of Huntington (*In re Joe's Friendly Serv. & Son, Inc.*), 2019 Bankr. LEXIS 880 (Bankr. S.D.N.Y. March 21, 2019). The State maintains that the "central purpose" of its May 15, 2019 Summary Penalty and Revocation Order is "to protect the public" by preventing Mr. Block from violating the securities laws. The obvious fallacy of that argument being that Mr. Block has agreed not to seek registration in the securities industry in the future. The State places great weight on the fact that the pre-amble of the Summary Order states that the "Bureau Chief hereby finds that there is good cause and it is in the public interest to enter this [Summary Order]." The State appears to be relying on the logical fallacy of *ipse dixit*: because in the Summary Order the Bureau Chief said that its action is in the public interest; ergo, this action is in the public interest and thus excepted from the stay under the police power exception contained in 11 U.S.C. § 362(b)(4). At least one court in this district has held that a Summary Order issued by the Bureau of Securities has no preclusive effect. Floyd v. Hill (*In re Hill*), 495 B.R. 646, 673 (Bankr. D.N.J. 2013). As a result, just because the Bureau Chief says this is in the public interest does not make it so; the State still bears the burden of proving that moving forward with its enforcement action is in the public interest.

Against this backdrop the Court must look at the facts of this case. Mr. Block's registration expired in March 2018. Mr. Block no longer works in the securities industry and he is willing to agree to never again seek to be registered to work in the industry. How better can the State protect citizens from individuals like Mr. Block than a permanent bar from allowing him to work in the securities industry? Moreover, the violations alleged in the Summary Order occurred between March 2008 and December 2015. There is no allegation that Mr. Block has violated any securities laws since 2015. None of the alleged victims of Mr. Block's alleged violations of the securities laws will recover funds from the imposition of civil penalties against him. The alleged victims have all already been compensated through other actions.

Further, Judge Stern's artfully crafted opinion in *Hill* supports the position that this Court has jurisdiction to adjudicate whether a violation of securities laws has occurred, impose penalties, and determine whether the obligations are non-dischargeable under 11 U.S.C. § 523(a)(19). *In re Hill*, 495 B.R. 646 (Bankr. D.N.J. 2013) The Debtor intends to file an adversary proceeding

seeking a declaratory judgment that he has not violated any securities laws and this Court can make the appropriate determination if any such violations have occurred.

Rather than confirm that the automatic stay does not apply as the State requests, the court should affirm that the automatic stay remains in full force and effect. The State has fallen woefully short of establishing that the police power exception applies to these facts. The motion should be denied in all aspects.

Respectfully submitted,

COLLINS, VELLA & CASELLO, LLC
Attorneys for the Debtor

By: _____
Joseph M. Casello, Esq.